**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 19-0519 |
| | : | |
| SAFEHOUSE, a Pennsylvania nonprofit | : | |
| corporation; | : | |
| | : | |
| JOSE BENITEZ, as President and | : | |
| Treasurer of Safehouse; | : | |
| | : | |
| Defendants. | : | |
| | : | |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

While our country is in the midst of an opioid epidemic, this is not the first time we have faced a drug crisis. From crack cocaine, to methamphetamine, to heroin and fentanyl, our country has faced the challenge and tragedy of drug addiction for many years. Congress and the President have sought to address the challenges of drug addiction, abuse, and diversion with the Controlled Substances Act ("CSA"), enacted in 1970.

The CSA established a comprehensive and carefully balanced regulatory scheme that has been updated and revised over time, but remains in full force and effect. Among other things, the CSA created a tiered structure of controlled substances based on their risk of abuse and medical purpose; controlled the flow of these substances from their manufacture through the distribution chain; established important record-keeping requirements; determined which substances were illegal without an administrative application and waiver; and established a comprehensive scheme for the treatment of those afflicted with substance use disorder through narcotic treatment programs.

The legislation's calculated scheme includes the prohibition of certain conduct involving controlled substances. Most relevant to the suit at hand, the CSA provides that it is wholly unlawful to manage or control any place, regardless of compensation, for the purpose of unlawfully using a controlled substance. Defendant Safehouse seeks to disregard the law and override Congress' carefully balanced regulatory scheme by establishing, managing, and controlling sites in Philadelphia that will allow individuals to engage in the illicit use of controlled substances, namely, heroin and fentanyl.

For purposes of this action, it does not matter that Safehouse claims good intentions in fighting the opioid epidemic. What matters is that Congress has already determined that Safehouse's conduct is prohibited by federal law, without any relevant exception. To prevent Safehouse from violating federal law, the United States asks the Court to declare illegal the Defendants' proposed establishment and operation of a place for the unlawful use of controlled substances.

Plaintiff, the United States of America, by and through its attorneys, alleges as follows:

1. This is a civil action seeking declaratory judgment under the Declaratory Judgment Act, as amended, 28 U.S.C. § 2201, and under the Controlled Substances Act, as amended, 21 U.S.C. §§ 801 *et seq.*, and its implementing regulations, 21 C.F.R. §§ 1301 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 21 U.S.C. §§ 856(e), 843(f), and 28 U.S.C. §§ 1331, 1345.

3. Venue is proper in the Eastern District of Pennsylvania pursuant to 21 U.S.C. § 843(f)(2) and 28 U.S.C. § 1391(b).

2

## **PARTIES**

4.    Plaintiff is the United States of America.

5.    Defendant Safehouse, a privately held Pennsylvania nonprofit corporation, was formed in or around August of 2018. Safehouse's mailing address is 1211 Chestnut Street, Suite 600, in Philadelphia, Pennsylvania, 19107.

6.    Safehouse seeks to establish and operate one or more sites in Philadelphia where, among other things, intravenous drug users will be permitted to use illegal controlled substances (primarily, heroin and fentanyl) in "consumption rooms" under medical supervision (hereinafter, "Consumption Room(s)").

7.    Defendant Jose Benitez is Safehouse's President and Treasurer. He also serves as the Executive Director of Prevention Point Philadelphia, which operates on Kensington Avenue in Philadelphia.

## **FACTUAL ALLEGATIONS**

8.    Existing nonprofit community organizations, such as Prevention Point Philadelphia, provide a wide range of medical and non-medical services intended to reduce the harms of the opioid crisis in Philadelphia. These services include, but are not limited to, access to addiction treatment, wound care, clean needle exchange, social services, testing, free distribution of the opioid overdose reversal medication Naloxone (Narcan), and training on how to administer Naloxone.

9.    Safehouse states on its website that its mission is "sav[ing] lives by providing a range of overdose prevention services" in Philadelphia, including "[m]edically supervised safe consumption and post-consumption observation." (*See* Safehouse FAQ, attached hereto as Exhibit A).

3

10.     Safehouse further states on its website that drug users – called "participants" – who seek supervised consumption will be directed to a Consumption Room where they will be provided with syringes and related paraphernalia by Safehouse staff, who will observe them while they prepare and inject illegal narcotics within the Safehouse Consumption Room.  (*Id.*).

11.     "From the consumption area, participants will be directed to" what Safehouse calls an "observation room," where they will be "offered on-site initiation of Medication Assisted Treatment (MAT), wound care, and referrals to primary care, social services, and housing opportunities."  (*Id.*).  Safehouse states that it will "provide overdose reversal and other emergency care" and "advise on sterile injection technique," but its staff will not "administer any narcotic or opioid," nor will they make any such drug available "other than those that are FDA-approved for treating opioid addiction[.]"  (*Id.*).

12.     Heroin and fentanyl are controlled substances.  21 U.S.C. § 812; 21 C.F.R. §§ 1308.11, 1308.12.  Heroin is a Schedule I substance, and fentanyl is a Schedule II substance. 21 U.S.C. § 812(c) ("Schedule I" at (b)(10)); "Schedule II" at (b)(6)).

13.     Knowing or intentional possession of Schedule I or II substances such as heroin or fentanyl, without satisfying certain exceptions that do not apply to Safehouse participants, violates federal law.  21 U.S.C. § 844(a).

14.     The Controlled Substances Act, 21 U.S.C. §§ 801-971, provides, in pertinent part, that:

> it shall be unlawful to . . . manage or control any place, whether permanently or temporarily, either as an owner, lessee, agent, employee, occupant, or mortgagee, and knowingly and intentionally rent, lease, profit from, or make available for use, with or without compensation, the place for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance.

4

21 U.S.C. § 856(a), (a)(2).

15.     Section 856(a)(2) applies to any person who "manage[s] or control[s] any place" that they "knowingly and intentionally . . . make available for use, with or without compensation . . . for the purpose of unlawfully . . . using a controlled substance." Defendants' operation of Consumption Rooms would do exactly that.

16.     Therefore, Defendants will violate section 856(a)(2) of Title 21 if they open a Consumption Room.

17.     Defendants have publically stated their position that the operation of such a Consumption Room would not violate federal law and that they intend to open one or more Consumption Rooms notwithstanding section 856 of Title 21 of the United States Code. (*See* Exhibit A).

18.     By a letter to Safehouse's President and Vice President dated November 9, 2018, the United States Attorney for the Eastern District of Pennsylvania, William M. McSwain, advised Safehouse that its planned operation of one or more Consumption Rooms would clearly violate federal law. (*See* Nov. 9, 2018, letter, attached hereto as Exhibit B). The government requested assurance that Safehouse would comply with federal law, and advised that the government would pursue appropriate legal remedies should Safehouse fail to ensure its compliance. *Id.*

19.     By letter dated November 26, 2018, Safehouse's President and Vice President advised the government that Safehouse would not comply, asserting, "[w]e respectfully disagree with the conclusion that Safehouse's proposed consumption room would violate federal law." (*See* Nov. 26, 2018, letter, attached hereto as Exhibit C, at 1).

20.     On or about December 24, 2018, Safehouse announced that it had retained DLA Piper to represent it in potential litigation against the United States regarding Safehouse's legality.

21.     Upon information and belief, Defendants will imminently open one or more Consumption Rooms in Philadelphia. Defendants' initial plan was to be operational by January 2019.[1]  Even after the United States initiated this lawsuit, Defendants have continued to take steps toward opening a site.

## COUNT I

### Violation of the Controlled Substances Act, 21 U.S.C. § 856(a)(2) – Declaratory Judgment

22.     The United States repeats and re-alleges Paragraphs 1 through 21 as if fully set forth herein.

23.     Pursuant to 21 U.S.C. § 856(a) and (a)(2), "it shall be unlawful to . . . manage or control any place . . . and knowingly and intentionally . . . make available for use, with or without compensation, the place for the purpose of unlawfully . . . using a controlled substance."

24.     Defendants intend to manage and control one or more Consumption Rooms in Philadelphia and they will knowingly and intentionally provide a place for drug users to use controlled substances unlawfully, such as heroin and fentanyl.

25.     Accordingly, Defendants imminently will violate 21 U.S.C. § 856(a)(2).

---

[1] Colleen Slevin, *Denver is latest city pushing for 1st US drug injection site* (Nov. 28, 2018), https://www.apnews.com/86a3aca99f72489082fcfa7ff0ab3a83 ("A private nonprofit is raising money for a supervised injection site in Philadelphia but has pushed back its potential opening date from January to mid-March, the group Safehouse said.").

26.     Pursuant to 21 U.S.C. § 856(e), "[a]ny person who violates subsection (a) of this section shall be subject to declaratory and injunctive remedies as set forth in section 843(f) of this title."

27.     Section 843(f), provides, in turn, that "the Attorney General is authorized to commence a civil action for appropriate declaratory or injunctive relief relating to . . . [section] 856 of this title." 21 U.S.C. § 843(f)(1).

28.     Under 28 U.S.C. § 2201(a), "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

29.     Declaratory relief is especially appropriate where illegal conduct is imminent.

30.     The United States is accordingly entitled to appropriate declaratory relief through this civil action pursuant to 21 U.S.C. § 843(f) and 28 U.S.C. § 2201, stating that Defendants' establishment and operation of any Consumption Rooms will violate section 856 of Title 21 of the United States Code.

7

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that judgment be entered in its

favor and against Defendants declaring that Defendants' establishment and operation of any

Consumption Room, or similar sites made available for the unlawful use of controlled

substances, will violate 21 U.S.C. § 856(a)(2).

Dated: May 24, 2019                          Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

                                             WILLIAM M. McSWAIN
JAMES M. BURNHAM                             United States Attorney
Deputy Assistant Attorney General
Civil Division

GUSTAV W. EYLER                              GREGORY B. DAVID
Acting Director                              Assistant United States Attorney
Consumer Protection Branch                   Chief, Civil Division

JAMES J. GILLIGAN
Acting Director
Federal Programs Branch                      JOHN T. CRUTCHLOW
                                             ERIC D. GILL
ANDREW E. CLARK                              BRYAN C. HUGHES
Assistant Director                           ERIN E. LINDGREN
Consumer Protection Branch                   Assistant United States Attorneys
                                             Eastern District of Pennsylvania
JACQUELINE COLEMAN SNEAD                     615 Chestnut Street, Suite 1250
Assistant Director                           Philadelphia, PA  19106-4476
Federal Programs Branch                      TEL:  (215) 861-8200
                                             FAX:  (215) 861-8618
DANIEL K. CRANE-HIRSCH
Trial Attorney                               *Counsel for the United States*
Consumer Protection Branch

TAMRA T. MOORE
Senior Counsel
Federal Programs Branch

*Co-Counsel for the United States*