IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>              Plaintiff,<br><br>  v.<br><br>SAFEHOUSE, a Pennsylvania nonprofit corporation; JOSE BENITEZ, as President and Treasurer of Safehouse,<br>              Defendants.<br><br>SAFEHOUSE, a Pennsylvania nonprofit corporation,<br>              *Counterclaim Plaintiff,*<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br>              *Counterclaim Defendant*,<br><br>U.S. DEPARTMENT OF JUSTICE; WILLIAM P. BARR, in his official capacity as Attorney General of the United States; WILLIAM M. MCSWAIN, in his official capacity as U.S. Attorney for the Eastern District of Pennsylvania,<br>              *Third-Party Defendants*. | Civil Action No.: 2:19-cv-00519 |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT**

      Defendants Safehouse and Jose Benitez, by and through their counsel, answer the Amended Complaint of Plaintiff United States of America ("Plaintiff") and aver as follows:

      1.     Defendants admit that Plaintiff purports to seek a declaratory judgment under the Declaratory Judgment Act, as amended, 28 U.S.C. § 2201, and under the CSA, 21 U.S.C. § 843(f) (as made applicable by *id*. § 856(e)) and its implementing regulations, 21 C.F.R. § 1301 *et seq*., but denies that Plaintiff is entitled to such relief.

1

2.  Admitted.

3.  Admitted.

## PARTIES

4.  Admitted.

5.  Admitted.

6.  Denied as stated.

7.  Admitted.

## FACTUAL ALLEGATIONS

8.  Admitted.  Despite the existence of such nonprofits providing services intended to reduce the harms of the opioid crisis, Philadelphians continue to die of overdoses at rates higher than nearly every other major city.[1]

9.  Admitted in part and denied in part.  Safehouse's mission, as stated on its website, "is to save lives by providing a range of overdose prevention services."[2]  Also as stated, "[t]he leaders and organizers of Safehouse are motivated by the Judeo-Christian beliefs ingrained in [them] from [their] religious schooling, [their] devout families and [their] practices of worship. At the core of [their] faith is the principle that preservation of human life overrides any other considerations."[3]  Safehouse will save lives by providing a range of overdose prevention

---

[1] In 2016, Philadelphia had the second-highest rate of drug overdose deaths among counties with a population of more than one million residents.  *See* Pew Tr., *Philadelphia's Drug Overdose Death Rate Among Highest in Nation* (Feb. 15, 2018), https://www.pewtrusts.org/en/research-and-analysis/articles/2018/02/15/philadelphias-drug-overdose-death-rate-among-highest-in-nation.

In 2017, Philadelphia had the highest overdose death rate (65/100,000 residents) of the counties in the top ten largest U.S. cities.  Its overdose death rate was three times the rate of the second highest county (Cook County, 23/100,000 residents).  *See* CDC, *CDC WONDER Online Database*: *About Underlying Cause of Death, 1999-2017*, https://wonder.cdc.gov/ucd-icd10.html (last visited June 7, 2019).

[2] Safehouse, *Frequently Asked Questions*, https://www.safehousephilly.org/about/faqs (last visited June 7, 2019).

[3] *Id.*

2

services, including medically supervised consumption and observation. Exhibit A to the Amended Complaint is a writing that speaks for itself. Any attempt by Plaintiff to characterize or interpret Exhibit A is therefore denied.

10.     Denied as stated. Upon arrival at Safehouse, all participants must register and provide demographic information. A physical and behavioral health assessment will be conducted and a range of overdose prevention services offered. "[P]articipants will be directed to the medically supervised observation room," where they will be "offered on-site initiation of Medication Assisted Treatment (MAT), wound care, and referrals to primary care, social services, and housing opportunities."[4] Participants may seek supervised consumption, in which case they will be directed to the medically supervised consumption room and provided sterile consumption equipment and fentanyl test strips.[5] Participants will safely dispose of used consumption equipment before leaving the supervised consumption area.[6] Under no circumstance will Safehouse make available any illicit narcotic or opioid. From the consumption area, participants will be directed to the medically supervised observation room and again offered opportunities for drug treatment, medical care, and social services. Exhibit A is a printout of the Safehouse website as of May 24, 2019. Exhibit A to the Amended Complaint is a writing that speaks for itself. Any attempt by Plaintiff to characterize or interpret Exhibit A is therefore denied.

---

[4] *Id.*

[5] The provision of sterile consumption equipment will reduce of the risk of transmission of infectious diseases. Fentanyl test strips are used to detect the presence of fentanyl prior to consumption. By alerting the participant to the presence of fentanyl and the increased risk of overdose, Safehouse would be practicing a harm reduction strategy that encourages a dosage adjustment to a safer level.

[6] The safe disposal of consumption equipment will reduce the risk of transmission of intravenous diseases, and will further the goals of city-sponsored programs like the Philadelphia Resilience Project, which aim to alleviate the public littering of consumption equipment that is prevalent in areas of Philadelphia with high drug use. *See* City of Phila., *Philadelphia Resilience Project*, https://www.phila.gov/programs/philadelphia-resilience-project/.

11. Admitted in part and denied in part. Paragraph 11 selectively quotes from the Safehouse website as of May 24, 2019, as reflected in Exhibit A. Exhibit A to the Amended Complaint is a writing that speaks for itself. Any attempt by Plaintiff to characterize or interpret Exhibit A is therefore denied.

12. Denied. The averments contained in Paragraph 12 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

13. Denied. The averments contained in Paragraph 13 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

14. Denied. The averments contained in Paragraph 14 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

15. Denied. The averments contained in Paragraph 15 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. Safehouse's provision of overdose prevention services would not violate Section 856(a)(2).

16. Denied. The averments contained in Paragraph 16 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. Safehouse's overdose prevention services would not violate Section 856(a)(2).

17. Admitted in part and denied in part. Safehouse has publicly stated that its planned operations would not violate federal law. The remainder of Paragraph 17 is denied.

18. Admitted in part and denied in part. It is admitted that Safehouse received a letter from U.S. Attorney for the Eastern District of Pennsylvania, Third-Party Defendant William M. McSwain, dated November 9, 2018. Exhibit B to the Amended Complaint is a copy of that letter, which is a writing that speaks for itself. Any attempt by Plaintiff to characterize or interpret Exhibit B is therefore denied.

19. Admitted in part and denied in part. It is admitted that Safehouse sent a letter to U.S. Attorney for the Eastern District of Pennsylvania, Third-Party Defendant William M. McSwain, dated November 26, 2018, explaining (among other things) that a proper and constitutional application of Section 856 does not prohibit Safehouse's overdose prevention services model that would combat the opioid crisis and prevent fatal overdoses. Exhibit C to the Amended Complaint is a copy of that letter, which is a writing that speaks for itself. Any attempt by Plaintiff to characterize or interpret Exhibit C is therefore denied.

20. Admitted.

21. Admitted as stated.

## COUNT I

**Violations of the Controlled Substances Act, 21 U.S.C. § 856(a)(2) – Declaratory Judgment**

22. Defendants incorporate by reference their responses to paragraphs 1 through 21 of Plaintiff's Amended Complaint as if set forth fully herein.

23. Denied. The averments contained in Paragraph 23 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

24. Denied. The averments contained in Paragraph 24 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

25. Denied. The averments contained in Paragraph 25 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

26. Denied. The averments contained in Paragraph 26 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

27. Denied. The averments contained in Paragraph 27 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

28. Denied. The averments contained in Paragraph 28 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

29. Denied. The averments contained in Paragraph 29 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

30. Denied. The averments contained in Paragraph 30 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and is therefore denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief in connection with the allegations set forth in its Amended Complaint, including, but not limited to, the allegations set forth in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

As affirmative defenses to Plaintiff's Amended Complaint, Defendants assert as follows without assuming the burden of proof or persuasion on matters for which it has no such burden. In doing so, Defendants incorporate herein by reference, as though fully set forth in full, the allegations contained in the Answer, Affirmative Defenses, Counterclaims, and Third-Party Complaint in the action styled *Safehouse v. United States of America et al.*, No. 2:19-cv-00519, ECF No. 3, together with paragraphs 1 through 30 above, and further reserve the right to restate, re-evaluate, or recall any defenses and to assert additional defenses:

1. The cited provision of the CSA, 21 U.S.C. § 856(a)(2), does not apply to Defendants' proposed conduct.

2. Defendants' proposed conduct is justified by medical necessity to avoid imminent serious bodily injury and death.

3. The application of Section 856 to Defendants is barred by RFRA, 42 U.S.C. § 2000bb *et seq.*

4. Section 856(a)(2) is unconstitutional under the Commerce Clause, both facially and as applied to Defendants.

## COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

Counterclaim Plaintiff Safehouse incorporates herein by reference, as though set forth in full, the allegations, counterclaims against Counterclaim Defendant United States of America,

and claims against Third-Party Defendants U.S. Department of Justice, William P. Barr, and William M. McSwain set forth in the Answer, Affirmative Defenses, Counterclaims, and Third Party Complaint in the action styled *Safehouse v. United States of America et al.*, No. 2:19-cv-00519, E.D. Pa. (ECF No. 3).[7] As a result, Safehouse reasserts the affirmative counterclaims and claims it previously asserted in this action on April 3, 2019.

**WHEREFORE**, Answering Defendants Safehouse and Jose Benitez request that judgment be entered in their favor, and against Plaintiff United States of America, for the same relief requested in the action styled *Safehouse v. United States of America et al*., No. 2:19-cv-00519, E.D. Pa. (ECF No. 3).

Dated:  June 7, 2019                   Respectfully submitted,

**DLA PIPER LLP (US)**

By: */s/ Ilana H. Eisenstein*
Ilana H. Eisenstein
*ilana.eisenstein@dlapiper.com*
Courtney G. Saleski
*courtney.saleski@dlapiper.com*
Ben C. Fabens-Lassen
*ben.fabens-lassen@dlapiper.com*
Megan E. Krebs
*megan.krebs@dlapiper.com*
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103-7300
Tel:    215.656.3300

Thiru Vignarajah (admitted *pro hac vice*)
*thiru.vignarajah@dlapiper.com*
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland, 21209-3600
Tel:    410.580.3000

---

[7] Counterclaim Plaintiff Safehouse incorporates its Counterclaims and Third-Party Complaint by reference and without waiver to the right to file a consolidated Answer and Counterclaim in a single pleading, if instructed to do so by the Court.

Adam I. Steene (admitted *pro hac vice*)
*adam.steene@dlapiper.com*
1251 Avenue of the Americas
New York, New York, 10020-1104
Tel:    212.335.4500

**AIDS LAW PROJECT OF PENNSYLVANIA**

Ronda B. Goldfein
*goldfein@aidslawpa.org*
Yolanda French Lollis
*lollis@aidslawpa.org*
Adrian M. Lowe
*alowe@aidslawpa.org*
Jacob M. Eden
*eden@aidslawpa.org*
1211 Chestnut Street, Suite 600
Philadelphia, Pennsylvania 19107
Tel:    215.587.9377
Fax:    215.587.9902

**LAW OFFICE OF PETER GOLDBERGER**

Peter Goldberger
50 Rittenhouse Place
Ardmore, Pennsylvania 19003
Tel:    610.649.8200
*peter.goldberger@verizon.net*

**SETH F. KREIMER, ESQUIRE**

Seth F. Kreimer
PA Bar No. 26102
3501 Sansom Street
Philadelphia, Pennsylvania 19104
Tel:    215.898.7447
*skreimer@law.upenn.edu*

*Attorneys for Defendant and Counterclaim Plaintiff Safehouse and Defendant Jose Benitez*