## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAFEHOUSE, a Pennsylvania nonprofit corporation,

        *Counterclaim Plaintiff,*

    v.

UNITED STATES OF AMERICA,

        *Counterclaim Defendant*,

U.S. DEPARTMENT OF JUSTICE; WILLIAM P. BARR, in his official capacity as Attorney General of the United States; WILLIAM M. MCSWAIN, in his official capacity as U.S. Attorney for the Eastern District of Pennsylvania,

        *Third-Party Defendants*.

UNITED STATES OF AMERICA,

        *Plaintiff*,

    v.

SAFEHOUSE, a Pennsylvania nonprofit corporation; JOSE BENITEZ, as President and Treasurer of Safehouse,

        *Defendants*.

Civil Action No.:  2:19-cv-00519

## MOTION FOR FINAL DECLARATORY JUDGMENT

Safehouse and Jose Benitez (collectively "Safehouse"), by and through their attorneys, move for declaratory judgment pursuant to Federal Rules of Civil Procedure 56 and 57, and 28 U.S.C. § 2201.  The specific bases for this Motion, which are incorporated here by reference, are set forth in greater detail in the accompanying Memorandum of Law.

**DLA PIPER LLP (US)**

By:  */s/ Ilana H. Eisenstein*
Ilana H. Eisenstein
*ilana.eisenstein@dlapiper.com*
Courtney G. Saleski
*courtney.saleski@dlapiper.com*
Ben C. Fabens-Lassen
*ben.fabens-lassen@dlapiper.com*
Megan E. Krebs
*megan.krebs@dlapiper.com*
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103-7300
Tel:     215.656.3300

Thiru Vignarajah (admitted *pro hac vice*)
*thiru.vignarajah@dlapiper.com*
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland, 21209-3600
Tel:     410.580.3000

**AIDS LAW PROJECT OF PENNSYLVANIA**

Ronda B. Goldfein
*goldfein@aidslawpa.org*
Yolanda French Lollis
*lollis@aidslawpa.org*
Adrian M. Lowe
*alowe@aidslawpa.org*
Jacob M. Eden
*eden@aidslawpa.org*
1211 Chestnut Street, Suite 600
Philadelphia, Pennsylvania 19107
Tel:     215.587.9377

**LAW OFFICE OF PETER GOLDBERGER**

Peter Goldberger
50 Rittenhouse Place
Ardmore, Pennsylvania 19003
Tel:     610.649.8200
*peter.goldberger@verizon.net*

**SETH F. KREIMER, ESQUIRE**

Seth F. Kreimer
PA Bar No. 26102
3501 Sansom Street
Philadelphia, Pennsylvania 19104
Tel:     215.898.7447
*skreimer@law.upenn.edu*

*Attorneys for Safehouse and Jose Benitez*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAFEHOUSE, a Pennsylvania nonprofit corporation, <br>      *Counterclaim Plaintiff,* <br>   v. <br> UNITED STATES OF AMERICA, <br>      *Counterclaim Defendant*, <br><br> U.S. DEPARTMENT OF JUSTICE; WILLIAM P. BARR, in his official capacity as Attorney General of the United States; WILLIAM M. MCSWAIN, in his official capacity as U.S. Attorney for the Eastern District of Pennsylvania, <br>      *Third-Party Defendants*. | Civil Action No.:  2:19-cv-00519 |
| UNITED STATES OF AMERICA, <br>       *Plaintiff*, <br><br>   v. <br><br> SAFEHOUSE, a Pennsylvania nonprofit corporation; JOSE BENITEZ, as President and Treasurer of Safehouse, <br>      *Defendants*. | |

## MEMORANDUM OF LAW IN SUPPORT OF SAFEHOUSE'S MOTION FOR FINAL DECLARATORY JUDGMENT

Safehouse and Jose Benitez (collectively, "Safehouse") respectfully move this Court pursuant to Federal Rules of Civil Procedure 56 and 57, and 28 U.S.C. § 2201 for a final declaratory judgment, declaring as a matter of law that 21 U.S.C. § 856 does not prohibit the establishment and operation of Safehouse's proposed overdose prevention services model, including supervised consumption, as described in the stipulated facts.

## I.   INTRODUCTION

On October 2, 2019, after extensive briefing and argument, this Court denied the government's motion for judgment on the pleadings and concluded that 21 U.S.C. § 856 does not prohibit Safehouse from providing overdose prevention services, which will include supervised consumption. (ECF No. 133 ("October 2 Order"), at 56). That ruling resolved the case-dispositive question of statutory interpretation on which both the government and Safehouse have sought judicial relief.

This Court's October 2 Order was a non-final interlocutory order, based solely on the pleadings. The parties have now agreed to a stipulated set of facts, attached as Exhibit A, which include stipulations to all material pleaded facts relied upon in this Court's October 2 Order. These agreed-upon facts establish that Safehouse is entitled to final declaratory judgment in its favor in accordance with this Court's prior legal ruling. Accordingly, Safehouse respectfully requests that this Court enter a final declaratory judgment declaring that, as a matter of law, 21 U.S.C. § 856 does not prohibit Safehouse from providing the proposed overdose prevention services.

## II.   BACKGROUND

The government instituted this action on February 5, 2019, seeking a declaration that Safehouse would be in violation of 21 U.S.C. § 856(a)(2). (ECF Nos. 1, 45). Safehouse answered and filed its counterclaims, seeking, *inter alia,* a declaration, pursuant to 28 U.S.C. § 2201, "that Safehouse's establishment and proposed operation of its overdose prevention services model will not violate 21 U.S.C. § 856." (ECF No. 3, at 44; ECF No. 45). On June 11, 2019, the government filed a Motion for Judgment on the Pleadings under Federal Rule of Civil

Procedure 12(c).   (ECF No. 47).   The motion was fully briefed, and this Court heard oral argument on September 5, 2019.  (ECF No. 129).

On October 2, 2019, this Court issued a memorandum opinion and order denying the Government's motion for judgment on the pleadings.[1]  The Court engaged in a well-reasoned analysis of the proper interpretation of Section 856, as applied to the novel circumstances presented by this case, and held that "[t]he ultimate goal of Safehouse's proposed operation is to reduce drug use, not facilitate it, and accordingly, [Section] 856(a) does not prohibit Safehouse's proposed conduct."  (October 2 Order, at 56).

This Court's ruling resolved the primary legal issue presented by the parties' dueling declaratory judgment actions.  But the Court's denial of the government's Rule 12(c) motion was an interlocutory ruling.  To enable the Court to move ahead to final judgment, the parties have agreed to stipulated facts that address each of the factual predicates for this Court's October 2 Order.  By stipulating to these facts, the parties have obviated the need for discovery or an evidentiary hearing.  These stipulations therefore clear the way for the Court to declare as a matter of law that Safehouse would not be in violation of Section 856.

III.    ARGUMENT

A.    Entry of a Declaratory Judgment Is Procedurally Proper

The Declaratory Judgment Act is designed to "afford a speedy and inexpensive method of adjudicating legal disputes . . . to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships."  *Beacon Constr. Co., Inc., v. Matco Elec. Co., Inc*., 521 F.2d 392, 397 (2d Cir.

---

[1] Under Federal Rule of Civil Procedure 12(c), the Court was required to accept the allegations in the pleadings and reasonable inferences therefrom as true.  As a result, the factual background from which the Court issued its October 2, 2019 ruling was drawn from the allegations in the government's Amended Complaint (ECF No. 35), Safehouse's Answer to the Amended Complaint (ECF Nos. 3, 45), Safehouse's Counterclaims and Third-Party Complaint (ECF Nos. 3, 45), and the Answer to Safehouse's Counterclaims (ECF No. 46).

1975) (quoting *Aetna Sur. & Cas. Co. v. Quarrels*, 92 F.2d. 321, 325 (4th Cir. 1937)); *see also*

10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2751 (4th ed.

2019).   Federal Rule of Civil Procedure 57 further provides this Court with the procedural

mechanism to resolve issues on declaratory judgment.

The Declaratory Judgment Act and Article III of the U.S. Constitution, require a

declaratory judgment resolve an "actual controversy," *i.e.*, "a substantial controversy, between

parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance

of a declaratory judgment."  *Maryland Cas. Co. v. Pac. Coal & Oil Co*., 312 U.S. 270, 273

(1941); *see* 28 U.S.C. § 2201.[2]

A declaratory judgment is appropriate where, as here, the government threatens

enforcement action pursuant to disputed statutory authority.  The Supreme Court has observed,

"where threatened action by government is concerned," courts "do not require a plaintiff to

expose [it]self to liability before bringing suit to challenge the basis for the threat."  *MedImmune,*

*Inc. v. Genentech, Inc.*, 549 U.S. 118, 128–29 (2007).   Rather, if a "genuine threat of

enforcement" exists, courts do "not require, as a prerequisite to testing the validity of the

law . . . , that the plaintiff bet the farm, so to speak, by taking the violative action." *Id.* at 129

(citing *Terrace v. Thompson*, 263 U.S. 197, 216 (1923)); *see also Steffel v. Thompson*, 415 U.S.

452, 480 (1974) (holding that plaintiff need not distribute handbills and risk actual prosecution

before he could seek a declaratory judgment regarding the constitutionality of a state statute

prohibiting such distribution).  "The dilemma posed by that coercion—putting the challenger to

the choice between abandoning his rights or risking prosecution—is 'a dilemma that it was the

very purpose of the Declaratory Judgment Act to ameliorate.'" *MedImmune*, 549 U.S. at 129

---

[2] The Declaratory Judgment Act is not jurisdictional in nature.  *See Skelly Oil v. Phillips Petroleum*, 339 U.S. 667, 672 (1950).  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1345.

(quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 152 (1967)); *see also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158–59 (2014) (relying on *MedImmune* and *Steffel* to entertain a pre-enforcement action for declaratory and injunctive relief); *Seneca-Cayuga Tribe of Okla. v. Nat'l Indian Gaming Comm'n*, 327 F.3d 1019 (10th Cir. 2003) (affirming issuance of a declaratory judgment in pre-enforcement context, and finding that a particular set of gambling devices were not illegal under the Indian Gaming Regulatory Act); *Hispanic Leadership Fund, Inc. v. FEC*, 897 F. Supp. 2d 407 (E.D. Va. 2012) (issuing a declaratory judgment in pre-enforcement context, determining which particular advertisements were and were not covered by Federal Election Commission requirements).

The parties have stipulated that, upon entry of a declaratory judgment in its favor, Safehouse plans to open at least one overdose prevention services facility in Philadelphia as soon as possible. *See* Exhibit A, ¶ 24. Both before and during this lawsuit, the government has publicly threatened to utilize Section 856 to institute civil, and potentially criminal, enforcement actions against Safehouse if it provides supervised consumption services. Indeed, the government reiterated its threat of enforcement against Safehouse soon after the Court issued its October 2 Order. *See* Exhibit B, October 11, 2019 Letter from U.S.A.O. McSwain to I. Eisenstein. Safehouse seeks a declaration that it would not violate Section 856 by providing overdose prevention services that include supervised consumption. The parties' legal dispute therefore establishes an immediate and actual controversy between the parties appropriate for declaratory relief.

**B.      In Light of the Parties' Stipulation of Fact, This Court May Enter Final Declaratory Judgment in Safehouse's Favor Pursuant to Rules 56 and 57**

This Court's October 2 Order decided the legal question in Safehouse's favor and determined that, on the facts pleaded, Section 856 does not apply to Safehouse's proposed

overdose prevention services model, including supervised consumption. October 2 Order, at 55 ("Section 856(a)(2) does not criminalize Safehouse's proposed actions."). Now that the parties have stipulated to the material facts on which that decision depended, this Court should enter a final declaratory judgment in Safehouse's favor pursuant to Federal Rules of Civil Procedure 56 and 57.

Federal Rule of Civil Procedure 56 permits summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The absence of a genuine dispute of fact may be established by stipulation. Fed. R. Civ. P. 56(c)(1)(A). Rule 57 provides for the entry of a declaratory judgment. Fed. R. Civ. P. 57 ("These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201.").

No further discovery or proceedings are necessary for this Court to enter judgment for Safehouse as a matter of law.[3] The parties have stipulated to case-dispositive facts that are consistent with the alleged facts on which the Court relied when denying the government's motion for judgment on the pleadings. *Compare* Exhibit A, *with* ECF No. 133, at 4–5. The Court, moreover, has already held oral argument on the parties' respective positions at the Rule 12(c) stage to resolve the issue of whether Section 856 applies to Safehouse's proposed operations. This Court's October 2 Order and the facts, as stipulated by the parties, now definitively establish that Safehouse's proposed overdose prevention services model, which includes supervised consumption, is lawful under Section 856(a). Accordingly, a final declaratory judgment should be entered in Safehouse's favor, incorporating the reasoning and

---

[3] Rule 57 provides that "[t]he court *may* order a speedy hearing of an action for a declaratory judgment," and therefore affords this Court discretion to determine whether a hearing is required. Fed. R. Civ. P. 57 (emphasis added); *see also* Wright & Miller, *supra*, § 2768 (noting that "[t]he provision of Rule 57 that the court 'may order a speedy hearing of a declaratory-judgment action,' . . . has been applied to effectuate the purpose of the rule and expedite a decision").

holding of the Court's October 2 Order and stating that Section 856 does not apply to Safehouse's proposed overdose prevention services model, including supervised consumption.

### C.      Expedited Entry of Final Judgment Is Warranted

Safehouse respectfully requests that this Court enter judgment expeditiously in light of the urgent public health crisis that Safehouse seeks to address.  Each day, in the City of Philadelphia, more lives are lost to the opioid epidemic.[4]  Safehouse's overdose prevention services will be a critical public health intervention that seeks to mitigate the opioid and overdose crises by providing urgent medical care to those at great risk of overdose death.  An expedited final judgment from this Court, declaring that Safehouse's proposed services are not prohibited by Section 856, would allow Safehouse to open its doors as soon as possible, and begin providing life-saving medical care to a vulnerable population.

## IV.   CONCLUSION

For the reasons stated above, Safehouse respectfully requests this Court enter a final judgment in this matter, declaring that Section 856 does not apply to Safehouse and that Safehouse's proposed overdose prevention services model, including supervised consumption, is not prohibited by Section 856.[5]

---

[4] *See* City of Philadelphia, Opioid Misuse and Overdose Report (Nov. 14, 2019), *available at* https://www.phila.gov/media/20191126111554/Substance-Abuse-Data-Report-11.25.19.pdf.

[5] If this Court grants this Motion, it need not reach Safehouse's remaining claims under the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb *et seq.*, and the Commerce Clause of the U.S. Constitution.  Safehouse reserves the right to press those claims if this Court's declaratory judgment on the underlying statutory question were vacated, reversed, or remanded by an appellate court or if changed circumstances otherwise established a ripe controversy as to those claims.  Likewise, Safehouse reserves the right to seek further factual development of the record if this case were to be returned to the district court for additional proceedings, or if additional relief is required.

Dated:  January 6, 2020

**DLA PIPER LLP (US)**

By:  */s/ Ilana H. Eisenstein*
Ilana H. Eisenstein
*ilana.eisenstein@dlapiper.com*
Courtney G. Saleski
*courtney.saleski@dlapiper.com*
Ben C. Fabens-Lassen
*ben.fabens-lassen@dlapiper.com*
Megan E. Krebs
*megan.krebs@dlapiper.com*
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103-7300
Tel:     215.656.3300

Thiru Vignarajah (admitted *pro hac vice*)
*thiru.vignarajah@dlapiper.com*
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland, 21209-3600
Tel:     410.580.3000

**AIDS LAW PROJECT OF PENNSYLVANIA**

Ronda B. Goldfein
*goldfein@aidslawpa.org*
Yolanda French Lollis
*lollis@aidslawpa.org*
Adrian M. Lowe
*alowe@aidslawpa.org*
Jacob M. Eden
*eden@aidslawpa.org*
1211 Chestnut Street, Suite 600
Philadelphia, Pennsylvania 19107
Tel:     215.587.9377

**LAW OFFICE OF PETER GOLDBERGER**

Peter Goldberger
50 Rittenhouse Place
Ardmore, Pennsylvania 19003
Tel:     610.649.8200
*peter.goldberger@verizon.net*

8

**SETH F. KREIMER, ESQUIRE**

Seth F. Kreimer
PA Bar No. 26102
3501 Sansom Street
Philadelphia, Pennsylvania 19104
Tel:     215.898.7447
*skreimer@law.upenn.edu*

*Attorneys for Safehouse and Jose Benitez*

9