# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

*William M. McSwain*
*United States Attorney*
*william.mcswain@usdoj.gov*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

October 11, 2019

Ilana H. Eisenstein, Esquire
DLA Piper LLP
1650 Market Street
Suite 5000
Philadelphia, PA 19103

    Re:    <u>United States v. Safehouse, et al.</u>
              Civil Docket No. 19-cv-00519

Dear Ms. Eisenstein:

      In the wake of last week's decision by the District Court, your clients have made some public statements about Safehouse's intentions that I wanted to address with you. More specifically, Ronda Goldfein has stated that Safehouse hopes to open an injection site by the end of this year. She has also indicated that Safehouse will do so regardless of neighborhood support, stating that "I don't think that [the neighbors] will agree [with opening], so our best hope is that they will tolerate it, they will see that a change has come, and they will ultimately support it."

      The U.S. Attorney's Office respects the Judge's decision, of course, but as you know, we intend to appeal it. It would be better for all concerned for your clients to respect the judicial process and stand down until the Third Circuit has an opportunity to rule on an appeal. Maintaining the status quo while the case is on appeal is in keeping with my Office's incremental approach that has facilitated the orderly and measured disposition of the litigation to this point, and it is necessary to respect the judicial process – particularly in a case regarding an issue of first impression that will likely have nationwide implications. Just as importantly, it is in deference to those citizens of Philadelphia who reasonably fear that their lives – and the lives of their children – will be irreparably harmed by the opening of an injection site in their neighborhood.

      One of the main reasons that we filed this case in the first place was so that this controversy could be resolved in the courts in an orderly, dignified manner without a criminal confrontation on the streets. One of the best things about our country is that even the most passionate disagreements can be heard and decided by a fair and impartial decisionmaker – and that includes the right of appeal. Therefore, I hope that we can quickly come to an

Ilana H. Eisenstein, Esquire
Re: U.S. v. Safehouse, et al.
October 11, 2019                                                                                         Page | 2

agreement that Safehouse will not attempt to open an injection site during the pendency of an appeal.

If you and your clients instead choose to move forward immediately, then you will force my hand and I will have no choice but to take the steps necessary to maintain the status quo. I hope you will not choose this unnecessarily confrontational and possibly chaotic path. But if you do not agree to preserve the status quo during an appeal, my Office would enforce existing federal law that is unaffected by the Court's ruling in a manner that would, as a practical matter, shut down the site and thereby preserve the integrity of the appellate process.

Last week's ruling was a narrow one that addressed only one specific part of the debate regarding injection sites: whether one particular section of the federal Controlled Substances Act applies to Safehouse's proposed conduct. Furthermore, as the Court observed, the ruling had nothing to do with whether injection sites are a good idea, and even the proponents of these sites cannot know whether they would do any good. If a site were to open, the whole thing would be, in the Court's words, purely "experimental."

What we do know, however, is that the possession and use of heroin are illegal – and last week's decision did nothing to change that. We will, of course, abide by any rulings of the District Court, but last week's decision addressed only Safehouse itself and not the issue of the visitors' possession and use of illegal drugs at the site, nor the issue of illegal drug distribution that will inevitably occur nearby.

The proponents of drug injection sites cannot make heroin use legal, nor can any court. As the District Court Judge observed during the case, it is self-evident that the visitors to a drug injection site would be committing a federal crime by shooting up at the site.

Thus, were a drug injection site to exist in Philadelphia, there would be rampant federal lawbreaking taking place under one roof. This conclusion is unaffected by the District Court's opinion. Moreover, such a site would not only be a haven for drug use but also a magnet for drug traffickers, who would be encouraged to prey upon users and would likely lead to increased criminal activity in areas around the site.

If Safehouse attempts to open an injection site in this District during the pendency of an appeal, federal law enforcement would consider all available enforcement tools at our disposal to enforce federal law in and around the site, as appropriate. We would do so in a way that treats those suffering from addiction as victims; however, we would take all necessary law enforcement action to respond to the expected concentration of drug activity, including seizure of all contraband and any applicable forfeiture.

Ilana H. Eisenstein, Esquire
Re: U.S. v. Safehouse, et al.
October 11, 2019                                                                                          Page | 3

    Again, I hope that the situation will not come to this and that you and your clients will do the right thing, choose to respect the judicial process and agree to stand down until the appeal is heard. That is what justice requires. I look forward to hearing from you.

                Very truly yours,

                *[signature]*

                WILLIAM M. McSWAIN
                United States Attorney