IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAFEHOUSE, a Pennsylvania nonprofit corporation,<br>　　　　Counterclaim Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br>　　　　Counterclaim Defendant,<br><br>U.S. DEPARTMENT OF JUSTICE; MERRICK B. GARLAND, in his official capacity as Attorney General of the United States; JENNIFER ARBITTIER WILLIAMS, in her official capacity as U.S. Attorney for the Eastern District of Pennsylvania,<br>　　　　Third-Party Defendants.<br><br>UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　v.<br><br>SAFEHOUSE, a Pennsylvania nonprofit corporation; JOSE BENITEZ, as President and Treasurer of Safehouse,<br>　　　　Defendants. | Civil Action No.: 2:19-cv-00519<br><br>(Honorable Gerald A. McHugh) |

**SAFEHOUSE'S MEMORANDUM OF LAW IN OPPOSITION TO THE
GOVERNMENT'S MOTION TO MODIFY SCHEDULING ORDER**

**INTRODUCTION**

This case has been pending for almost four years. Since the DOJ commenced this litigation in 2019 until the end of 2021, more than 3,600 lives have been lost in Philadelphia to the opioid overdose crisis. Based on 2022 projections, that number will grow to almost 5,000 deaths. All the while, the religious rights of Safehouse and its founders are being infringed by the continued threat of criminal enforcement of 21 U.S.C. § 856(a) against Safehouse, which seeks to open an overdose prevention center that includes supervised consumption services to prevent overdose deaths in our community, to provide essential services to members of the community suffering from addiction, and to reduce the harms associated with drug consumption. Safehouse's proposed services will save lives and provide critical pathways to treatment, housing, and social services.

Safehouse amended its counterclaims on September 17, 2021. The DOJ's responsive pleading was accordingly due on October 8, 2021. To allow the progress of productive conversations toward "a possible amicable resolution of this matter," Safehouse has agreed to several extensions of the DOJ's responsive pleading deadline. But that process has dragged on for 15 months. And while Safehouse appreciates DOJ's representation in its motion that it is engaged in "careful consideration of the government's harm reduction and public safety goals," Safehouse cannot in good conscience continue to agree to lengthy extensions without DOJ providing a timeline for its policy decision-making and a path to resolution.

For these reasons, Safehouse requests that the Court deny the relief requested by the DOJ and instead enter the proposed scheduling order submitted by Safehouse, which will ensure an expeditious resolution of the important issues raised in Safehouse's amended counterclaims.

1

## PERTINENT BACKGROUND

This Court is familiar with the history of this case. The DOJ commenced this declaratory judgment action in February 2019—nearly four years ago. Safehouse counterclaimed. After protracted briefing, this Court ruled in favor of Safehouse on its statutory argument that Section 856(a) did not apply to prohibit Safehouse from opening a supervised consumption site. As a result, this Court did not address Safehouse's counterclaim that application of Section 856(a) to Safehouse would violate the Religious Freedom Restoration Act ("RFRA").

The DOJ appealed, and the Third Circuit reversed, holding that Section 856(a) prohibits Safehouse's proposed conduct. The Third Circuit likewise did not address Safehouse RFRA claims and remanded the case to this Court to consider those issues.

On remand, Safehouse amended its counterclaims to include claims for religious liberty under the First Amendment. The parties thereafter set on a productive path towards a potential resolution, and DOJ expressed in February 2021 that it was "evaluating" its policy toward supervised consumption services and discussing with state and local regulators "appropriate guardrails" that could enable Safehouse and similar public health initiatives nationwide to offer such services without fear of federal criminal and civil enforcement.

Since then, Safehouse has consented to eight extensions of the DOJ's deadline to file a responsive pleading. But Safehouse's counterclaims have now been pending for 15 months. And the DOJ continues to seek additional time without articulating for Safehouse and the public the reason for further delay.

## ARGUMENT

This Court should deny the DOJ's request and order the DOJ to file a responsive pleading within 14 days from the date of the Court's order. An extension of an existing briefing schedule is warranted where "good cause" is shown. Fed. R. Civ. P. 6(b), 16(b)(4).

The DOJ's motion acknowledges that it informed the Court "[a]t a February 7, 2022 conference before the Court, the parties announced that discussions were underway to explore a possible amicable resolution of this matter." In the ensuing ten months, the DOJ continues to express its interest in possible amicable resolution; however, it has been unwilling to provide concrete information about the timeline for its decision-making process in this public proceeding. Instead, it states in its motion to modify the scheduling order only that more time is "necessary" and contends without elaboration that it "believes an additional two months are necessary to permit careful consideration of the government's harm reduction and public safety goals." But it does not explain why 60 more days are required for this process or even that it anticipates that its evaluation will be complete with that extended period of time.

Because the DOJ refuses to provide such a timeline—or any meaningful information about its evaluation process—Safehouse can no longer agree to continue to extend the deadline for the DOJ to respond to Safehouse's counterclaims. Safehouse and those that need its life-saving services have waited long enough. Safehouse contends that the DOJ's threat of criminal enforcement violates its statutory rights under RFRA and its constitutional rights under the First Amendment. Three to four people die of overdose every day in Philadelphia, and Safehouse has asserted its right to help prevent those overdose deaths. Last year's 1,276 fatal overdoses represented a record high in the City, and those we lost were among more than 100,000 people nationwide who died of overdoses. Safehouse has been willing to defer briefing on its

counterclaims to accommodate the DOJ's stated interest in reaching an amicable resolution of this matter, but Safehouse cannot continue to wait without a timeline or substantive update.

An expeditious briefing schedule is warranted. This Court should accordingly enter the attached briefing schedule, which requires the DOJ to file a responsive pleading 14 days after the Court's order, requires Safehouse to file an opposition brief 14 days after that, and then requires the DOJ to file a reply within 14 days after Safehouse files an opposition.

## CONCLUSION

In short, the government has not met its burden to show good cause to warrant a two-month extension of time to respond to Safehouse's amended counterclaims. This Court should accordingly order the DOJ to respond within 14 days from the date of the Court's Order.

Dated:  December 6, 2022           Respectfully submitted,

**DLA PIPER LLP (US**

By:  */s/ Ilana H. Eisenstein*
*Ilana H. Eisenstein*
*ilana.eisenstein@dlapiper.com*
*Courtney G. Saleski*
*courtney.saleski@dlapiper.com*
*Ben C. Fabens-Lassen*
*ben.fabens-lassen@dlapiper.com*
*One Liberty Place*
*1650 Market Street, Suite 5000*
*Philadelphia, Pennsylvania 19103-7300*
Tel:     215.656.3300

**AIDS LAW PROJECT OF PENNSYLVANIA**

Ronda B. Goldfein
*goldfein@aidslawpa.org*
Yolanda French Lollis
*lollis@aidslawpa.org*
Adrian M. Lowe
*alowe@aidslawpa.org*
Jacob M. Eden
*eden@aidslawpa.org*

4

1211 Chestnut Street, Suite 600
Philadelphia, Pennsylvania 19107
Tel:	215.587.9377
Fax:	215.587.9902

**LAW OFFICE OF PETER GOLDBERGER**

Peter Goldberger
50 Rittenhouse Place
Ardmore, Pennsylvania 19003
Tel:	610.649.8200
*peter.goldberger@verizon.net*

**SETH F. KREIMER, ESQUIRE**

Seth F. Kreimer
3501 Sansom Street
Philadelphia, Pennsylvania 19104
Tel:	215.898.7447
*skreimer@law.upenn.edu*

*Attorneys for Defendants and Counterclaim Plaintiffs Safehouse and Jose Benitez*