**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  19-0519 |
| | ) | |
| SAFEHOUSE, a Pennsylvania nonprofit corporation; | ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOSE BENITEZ, as Executive Director of Safehouse, | ) ) | |
| | ) | |
| *Defendants*. | ) | |
| ——————————————— | ) | |
| | | |
| SAFEHOUSE, a Pennsylvania nonprofit corporation; | ) ) | |
| | ) | |
| *Counterclaim Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Counterclaim Defendant*, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE; MERRICK B. GARLAND, in his official capacity as Attorney General of the United States; JACQUELINE C. ROMERO, in her official capacity as U.S. Attorney for the Eastern District of Pennsylvania, | ) ) ) ) ) ) | |
| | ) | |
| *Third-Party Counterclaim Defendants*. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF PROPOSED INTERVENORS**

Proposed Intervenors (the "Community Groups" or the "Groups"),[1] by and through undersigned counsel, answer and assert affirmative defenses to the Counterclaims and Third-Party Complaint of the Defendant and Counterclaim-Plaintiff Safehouse as follows[2]:

1.      Admitted in part and denied in part.  The Community Groups admit that Safehouse purports to seek a declaratory judgment that 21 U.S.C. § 856 is inapplicable to its establishment and carrying out of its overdose prevention services model, but insofar as that model includes "medically supervised consumption and observation" ("Consumption Rooms"), the Groups deny that Safehouse is entitled to such relief.

2.      Admitted in part and denied in part.  The Community Groups admit that Safehouse purports to seek a declaratory judgment that any prohibition on its establishment and operation of Consumption Rooms would violate the Religious Freedom and Restoration Act, 42 U.S.C. § 2000bb *et seq*., but the Groups deny that Safehouse is entitled to such relief.  The remaining allegations contained in this paragraph constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is required, the allegations are denied.

---

[1]  Proposed Intervenors include the Bridesburg Civic Association, East Passyunk Avenue Business Improvement District, Fraternal Order of Police, Lodge #5, Friends of Marconi Park, Friends of Penrose, Girard Estate Area Residents, Harrowgate Civic Association, Holme Circle Civic Association, Juniata Park Civic Association, Kensington Independent Civic Association, Lower Moyamensing Civic Association, Morrell Park Town Watch, Packer Park Civic Association, Parkwood Area Civic Association, Port Richmond On Patrol And Civic, Somerton Civic Association, South Broad Street Neighborhood Association, South Philadelphia Business Association, South Philadelphia Communities Civic Association, South Port Richmond Civic Association, and the West Torresdale/Morrell Park Civic Association.

[2]  Safehouse filed its initial counterclaims on April 3, 2019.  *See* Doc. 3.  The government filed its answer on June 10, 2019.  *See* Doc. 46.  Safehouse has since filed amended counterclaims.  *See* Doc. 160.  The government has not filed an answer to the amended counterclaims in light of this Court's January 6, 2023 order suspending all filing deadlines.  *See* Doc. 178.

3.     This paragraph consists of conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is required, the allegations are admitted.

4.     This paragraph consists of conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is required, the allegations are admitted.

5.     This paragraph consists of conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is required, the allegations are admitted.

6.     This paragraph consists of conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is required, the Community Groups admit that the controversy between the parties is "of sufficient immediacy and concreteness" to warrant adjudication, but deny that Safehouse is entitled to any relief.

7.     Denied as stated.  By way of further answer, the United States Attorney for the Eastern District of Pennsylvania sent a letter to Safehouse, dated November 9, 2018, advising that Safehouse's planned operation of one or more Consumption Rooms in Philadelphia would violate the Controlled Substances Act.  In the same letter, the United States Attorney expressed support for those aspects of Safehouse's "overdose prevention services model" that comport with federal law.  The content of that letter speaks for itself, and any attempt by Safehouse to characterize or interpret that content is denied.

8.     Admitted in part and denied in part.  The Community Groups admit that Safehouse, its leaders, and personnel are subject to federal civil and criminal enforcement related to any violation of the Controlled Substances Act, but the Groups deny that Safehouse's planned

operation of any Consumption Room would be lawful.  To the extent a further response is required, the Community Groups lack knowledge or information sufficient to form a response as to the remaining allegations, which are therefore denied.

9.     This paragraph consists of conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is required, the allegations are admitted.

10.     Admitted in part and denied in part.  The Community Groups admit that the issuance of a declaratory judgment in this matter would resolve the controversy between the parties, but the Groups deny that Safehouse is entitled to such relief.  Safehouse's operation of a Consumption Room would violate 21 U.S.C. § 856(a).

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Admitted in part.  The United States Attorney has been sued in her official capacity. However, the current United States Attorney is Jacqueline C. Romero, not Jennifer Arbittier Williams.

16.     This is an incorporation paragraph to which no response is required.  To the extent a response is required, the Community Groups incorporate their previous responses as though set forth here in full.

17.     Admitted in part and denied as stated in part.  The Community Groups admit that, like many other large American cities, Philadelphia is experiencing a crisis associated with opioid trafficking, misuse and overdoses, and that, in 2017, the Acting Secretary of the United States

Department of Health and Human Services determined that a public health emergency exists nationwide.  To the extent a further response is required, the allegations are denied.

18.     Denied as stated.  The allegations contained in this paragraph summarize the content of writings that speak for themselves.  Any attempt by Safehouse to characterize or interpret that content is denied.

19.     Admitted in part and denied as stated in part.  The Community Groups admit that the Mayor of Philadelphia issued an Opioid Emergency Response Executive Order on October 3, 2018, the content of which speaks for itself.  Any attempt by Safehouse to characterize or interpret that content is denied.

20.     Denied as stated.  The allegations contained in this paragraph summarize the content of the Executive Order issued by the Mayor of Philadelphia on October 3, 2018.  The content of the order speaks for itself, and any attempt by Safehouse to characterize or interpret that content is denied.

21.     Admitted in part and denied in part.  The Community Groups admit that fentanyl is a synthetic opioid found in many of the illegal opioids sold on Philadelphia streets, but lack knowledge or information sufficient to form a response as to the remaining allegations, which are therefore denied.  By way of further answer, the opioids illegally sold on Philadelphia streets are most commonly a combination of heroin and fentanyl.

22.     Admitted in part and denied in part.  The Community Groups admit that fentanyl is a powerful narcotic, is approximately 50 times more potent than heroin, and greatly enhances the risk of overdose, but lack knowledge or information sufficient to form a response as to the remaining allegations, which are therefore denied.

23.    Admitted in part and denied in part.  The Community Groups admit that timely administration of Naloxone or similar opioid receptor antagonists can reverse the effects of an opioid overdose, but deny that it can do so in all circumstances and specifically deny that it will "keep a person alive with medical certainty."

24.    Admitted in part and denied in part.  The Community Groups admit that, in recent years, Philadelphia's Emergency Medical Services ("EMS") has fielded a large volume of calls to respond to opioid overdoses.  The remaining allegations of this paragraph summarize the content of a writing that speaks for itself.  Any attempt by Safehouse to characterize or interpret that content is denied.  The Community Groups lack knowledge or information sufficient to form a response as to any remaining allegations, which are therefore denied.

25.    Admitted in part and denied in part.  The Community Groups admit that, in 2017, EMS personnel administered Naloxone to a large number of overdose victims.  The remaining allegations of this paragraph summarize the content of a writing that speaks for itself.  Any attempt by Safehouse to characterize or interpret that content is denied.

26.    Denied as stated.  The allegations of this paragraph summarize the content of a writing that speaks for itself.  Any attempt by Safehouse to characterize or interpret that content is denied.

27.    Admitted in part and denied in part.  The Community Groups admit that the Mayor of Philadelphia formed the Task Force to Combat the Opioid Epidemic in Philadelphia in response to the opioid crisis, and that the Task Force's final report made certain recommendations.  The remaining allegations of this paragraph summarize the content of a writing that speaks for itself.  Any attempt by Safehouse to characterize or interpret that content is denied.

28.     Denied as stated.  By way of further answer, Safehouse's proposed Consumptions Rooms would violate the Controlled Substances Act.

29.     Admitted in part and denied as stated in part.  The Community Groups admit that Safehouse is a private nonprofit corporation established in 2018, but lack knowledge or information sufficient to form a response as to the remaining allegations, which are therefore denied.

30.     Denied as stated.  The allegations contained in this paragraph summarize the content of writings that speak for themselves.  Any attempt by Safehouse to characterize or interpret that content is denied.

31.     Denied as stated.  The allegations contained in this paragraph summarize the content of a writing that speaks for itself.  Any attempt by Safehouse to characterize or interpret that content is denied.  By way of further answer, Safehouse's operation of a Consumption Room, one such proposed "harm reduction" strategy, would violate the Controlled Substances Act.

32.     Admitted in part and denied in part.  The Community Groups admit that Safehouse purportedly would respond to the opioid crisis in Philadelphia by use of what it calls "a comprehensive harm reduction strategy," but lack knowledge or information sufficient to form a response as to the remaining allegations, which are therefore denied.  By way of further answer, Safehouse's "comprehensive harm reduction strategy" consists, in part, of operating Consumption Rooms, which would violate the Controlled Substances Act.

33.     Admitted in part and denied in part.  The Community Groups admit that Safehouse purportedly would provide the "overdose prevention services" set forth in this paragraph, but the Groups deny that all of those services would be lawful.  By way of further answer, Safehouse's

"overdose prevention services" would consist, in part, of operating Consumption Rooms, which would violate the Controlled Substances Act.

34.     Denied as stated.   The Community Groups lack knowledge or information sufficient to form a response as to the allegations contained in this paragraph, which are therefore denied.  By way of further answer, the Community Groups specifically deny that "Safehouse can offer assurance, to a medical certainty, that people within its care will not die of a drug overdose." Safehouse's "overdose prevention services model" would consist, in part, of Consumption Rooms, which would violate the Controlled Substances Act.

35.     Denied as stated.   The Community Groups lack knowledge or information sufficient to form a response as to the allegations contained in this paragraph, which are therefore denied.  By way of further answer, if Safehouse were to "provide illicit drugs for consumption" or "tolerate [the] sale of illicit drugs or drug sharing at its facility," such conduct would be unlawful under the Controlled Substances Act.

36.     Denied as stated.  By way of further answer, the allegations in this paragraph are speculative.

37.     Denied as stated.  By way of further answer, the allegations in this paragraph are speculative.

38.     Denied as stated.  The allegations contained in this paragraph summarize the content of a writing that speaks for itself.  Any attempt by Safehouse to characterize or interpret that content is denied.  By way of further answer, the allegations specific to Safehouse's potential efficacy are speculative and therefore denied.

39.     Admitted in part and denied in part. The Community Groups admit that, on November 9, 2018, the United States Attorney for the Eastern District of Pennsylvania sent a letter

to Safehouse, and that a copy of the letter is attached to Safehouse's Complaint.  The content of that letter speaks for itself.  Any attempt by Safehouse to characterize or interpret that content is denied.

40.      Admitted in part and denied in part.  The Community Groups admit that *The New York Times* published an op-ed written by then United States Deputy Attorney General Rod Rosenstein on or about August 27, 2018.  The content of that op-ed speaks for itself.  Any attempt by Safehouse to characterize or interpret that content is denied.

41.      Admitted.

42.      Denied as stated.  The allegations contained in this paragraph consist of conclusions of law to which no response is required under the Federal Rules of Civil Procedure, and are therefore denied.

43.      Denied as stated.  The allegations contained in this paragraph consist of conclusions of law to which no response is required under the Federal Rules of Civil Procedure, and are therefore denied.

44.      Denied as stated.  The allegations contained in this paragraph consist of conclusions of law to which no response is required under the Federal Rules of Civil Procedure, and are therefore denied.  Safehouse's planned Consumption Rooms violate the Controlled Substances Act. Similarly, 21 U.S.C. § 844(a) makes the "participant's" possession of those drugs unlawful.

45.      Admitted in part and denied in part. The Community Groups admit that the Consolidated Appropriations Act of 2016 includes language authorizing states and localities, in limited circumstances, to use federal funds to support certain aspects of programs providing clean equipment to intravenous drug users, and that the Comprehensive Addiction and Recovery Act (CARA) permitted the Department of Health and Human Services (HHS) to award grants to certain

entities in order to expand access to opioid reversal drugs, such as Naloxone, but deny the remaining allegations contained in this paragraph.

46.     Denied as stated.  Safehouse's plan to operate Consumption Rooms would violate the Controlled Substances Act.  Similarly, 21 U.S.C. § 844(a) makes the "participant's" possession of those drugs unlawful.  The Community Groups specifically deny that "medical supervision and direct access to treatment can reverse an overdose with medical certainty and ensure[] that participants in Safehouse's care will stay alive."

47.     Denied as stated.  By way of further answer, Safehouse's "overdose prevention services" consist, in part, of operating Consumption Rooms, which would violate the Controlled Substances Act and federal policy.

48.     Denied as stated.  The allegations contained in this paragraph consist of conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  By way of further answer, the Community Groups state that the Controlled Substances Act creates a comprehensive statutory and regulatory regime regarding, *inter alia*, the manufacture, distribution, and possession of controlled substances.  The Community Groups deny that any part of Subchapter I of the Controlled Substances Act authorizes Consumption Rooms.

49.     Denied as stated.  The allegations contained in this paragraph consist of conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  Any attempt by Safehouse to characterize the legal provisions in this paragraph is denied.  By way of further answer, 21 C.F.R. § 1306.04 is accurately quoted as it applies to prescriptions.

50.     Denied.

51.     Denied as stated.  By way of further answer, 21 U.S.C. § 856, like other provisions in Part D of Subchapter I of the Controlled Substances Act, proscribes certain conduct associated

with controlled substances, including Safehouse's proposed Consumption Rooms.  Similarly, 21 U.S.C. § 844(a) makes Safehouse's "participant's" possession of illegal drugs unlawful.

52.     Denied as stated.  As to the first two sentences of this paragraph, the Community Groups lack knowledge or information sufficient to form a response as to what Safehouse, its employees, or volunteers would do with respect to illegal narcotics inside its facility.  The allegations contained in those sentences are therefore denied.  As to the final sentence, the Community Groups admit that Safehouse proposes to "supervise consumption" of illegal drug use within its facility, but the Groups deny that such conduct is legal or authorized under the Controlled Substances Act.  Therefore, the remainder of the final sentence of paragraph 52 is denied.

53.     Admitted in part and denied in part.  The Community Groups admit that Safehouse purportedly would provide services including medical care, provision of sterile consumption equipment, education, counseling, and "wraparound services" to its clients, but the Groups deny the remainder of the allegations of this paragraph.  By way of further answer, Safehouse's operation of Consumption Rooms would violate the Controlled Substances Act.

54.     Denied as stated.  The allegations contained in this paragraph consist of conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  By way of further answer, Safehouse's operation of Consumption Rooms would violate the Controlled Substances Act.

55.     Denied.

56.     Denied as stated.  Notwithstanding any "changes in federal law" and approval of certain "strategies to address the opioid crisis," Safehouse's operation of Consumption Rooms would violate the Controlled Substances Act.

57.     Admitted in part and denied in part.  The Community Groups admit that, in 2011, the United States Surgeon General issued a determination regarding needle exchange programs. The remainder of the allegations contained in this paragraph summarize the content of a writing, the content of which speaks for itself.  Any attempt by Safehouse to characterize or interpret that content is denied.

58.     Denied as stated.  The allegations contained in this paragraph summarize the content of a writing that speaks for itself.  Any attempt by Safehouse to characterize or interpret that content is denied.

59.     Admitted in part and denied in part.  The Community Groups admit that, in 2012, the Centers for Disease Control issued a report regarding prevention services for HIV infection, viral hepatitis, sexually transmitted diseases, and tuberculosis in illicit drug users.  The remaining allegations of this paragraph summarize the content of a writing that speaks for itself.  Any attempt by Safehouse to characterize or interpret that content is denied.

60.     Denied as stated.  This paragraph constitutes conclusions of law to which no response is required under the Federal Rules of Civil Procedure, and therefore are denied.  By way of further answer, the allegations summarize the content of legal and policy provisions that speak for themselves.  Any attempt by Safehouse to characterize or interpret that content is denied.  By way of further answer, the 2016 Appropriations Act provides that no appropriated funds shall be used to purchase sterile syringes, but that federal funds may be used for other elements of a drug-treatment program if the CDC and local health authorities determine that a locality is experiencing a significant increase in hepatitis infections or an HIV outbreak due to injection drug use, and provided that such program is otherwise operating in accordance with law. *See* 114 P.L. No. 113 at § 520.

61.     Admitted in part and denied in part.  The Community Groups admit that Safehouse purportedly would provide services including sterile syringe distribution, syringe disposal, distribution and administration of Naloxone, and primary care services, but lack knowledge or information sufficient to form a response as to the remaining allegations contained in this paragraph, which are therefore denied.  By way of further answer, Safehouse's "comprehensive overdose protection services" includes operation of Consumption Rooms, which would violate the Controlled Substances Act.

62.     Denied as stated.  By way of further answer, it is the determination of the United States Congress—not "the DOJ's rationale"—that would make Safehouse's operation of "consumption rooms" unlawful.  Safehouse's Consumption Rooms would violate the Controlled Substances Act.

63.     Denied.

64.     Denied.

65.     Denied.  By way of further answer, Safehouse's proposed Consumption Rooms would not be a "modest extension" of existing law.

66.     Denied as stated.   The Community Groups lack knowledge or information sufficient to form a response as to the allegations contained in this paragraph, which are therefore denied.  By way of further answer, Safehouse's proposed operation of Consumption Rooms would violate the Controlled Substances Act.

67.     Denied as stated.  By way of further answer, Safehouse's "overdose prevention model" includes operation of Consumption Rooms, which would violate the Controlled Substances Act.   There are no Pennsylvania state laws authorizing such conduct; in fact,

Safehouse's proposed model has been denounced by Pennsylvania's Governor, General Assembly, and Attorney General.

68.     Admitted in part and denied in part. The Community Groups admit that timely administration of Naloxone or similar opioid receptor antagonists can reverse the effects of an opioid overdose, but deny that it can do so in all circumstances and specifically the Groups deny that it will "reverse an otherwise fatal overdose with medical certainty."

69.     Admitted in part and denied as stated in part.  The Community Groups lack knowledge or information sufficient to form a response as to whether "Naloxone can only work if someone is close by to administer it," which is therefore denied as stated.  The remaining allegations contained in this paragraph are admitted.

70.     Admitted in part and denied in part.  The Community Groups lack knowledge or information sufficient to form a response as to whether "first responders, family members, and Good Samaritans sometimes lack sufficient doses of Naloxone or lack training in other respiratory support requires to resuscitate" a person suffering an opioid overdose, which is therefore denied. The remaining allegations contained in this paragraph are admitted.

71.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure and are therefore denied.  The allegations cite legal provisions which speak for themselves.  Any attempt by Safehouse to characterize or interpret that content is denied.

72.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure and are therefore denied.  The allegations cite legal provisions which speak for themselves.  Any attempt by Safehouse to characterize or interpret that content is denied.

73.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure and are therefore denied. The allegations cite legal provisions which speak for themselves.  Any attempt by Safehouse to characterize or interpret that content is denied.

74.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure and are therefore denied.  The allegations cite legal provisions which speak for themselves.  Any attempt by Safehouse to characterize or interpret that content is denied.

75.    Admitted in part, denied in part.  It is admitted that the Pennsylvania Secretary of Health issued Standing Order DOH-002-2018 on or about April 18, 2018, concerning Naloxone. The Standing Order speaks for itself and any characterization of it is denied.

76.    Admitted in part, denied in part.  It is admitted that Naloxone can help reverse the effects of an opioid overdose.  The Community Groups are without sufficient information to admit or deny the remaining allegations in this paragraph, and they are therefore denied.

77.    Denied.

78.    Admitted in part, denied in part.  The United States has admitted that it supports a multifaceted strategy to combat the opioid crisis.  The United States has admitted that it brought this case seeking a declaration that Safehouse's proposed supervised injection site will violate 21 U.S.C. § 856.  The remaining allegations in this paragraph are denied.

79.    Denied.

80.    Denied as stated.  It is admitted that § 856 applies to drug dealers and party promoters that establish locations for the purpose of unlawfully manufacturing, storing,

distributing, or using a controlled substance.  It is denied that § 856 applies only to drug dealers and party promoters. The remaining allegations in this paragraph are denied.

81.     Denied as stated.  It is admitted only that this is the first case in which the United States has sought to use § 856 to block a supervised injection site.  By way of further response, Safehouse is the first supervised injection site planned to open in the United States.

82.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. By way of further answer, the quoted legislative history speaks for itself and any characterization of it is denied.

83.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. By way of further answer, the quoted legislative history speaks for itself and any characterization of it is denied.

84.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. By way of further answer, the quoted legislative history speaks for itself and any characterization of it is denied.

85.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. By way of further answer, the referenced legislative history speaks for itself and any characterization of it is denied.

86.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

87.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. By way of further answer, this paragraph accurately quotes 21 C.F.R. § 1306.04 as it relates to prescriptions.

88.     Denied as stated.  Public statements by the listed organizations regarding Safehouse speak for themselves and any characterization of them is denied.  It is admitted that various organizations support Safehouse's proposed site and that other organizations oppose it.  By way of example, in 2018, the U.S. Surgeon General did not support Consumption Rooms. *See* Steven Ross Johnson, *Surgeon General urges ER docs to advocate for evidence-based opioid treatment*, Modern Healthcare (May 23, 2018), https://bit.ly/3oNjTzm.  The proposed Consumption Rooms would violate § 856 and therefore the Community Groups deny the characterization of Safehouse's Consumption Room as "legitimate."  The remaining allegations in this paragraph are denied.

89.     Denied as stated.  Public statements by the listed Philadelphia officials speak for themselves and any characterization of them is denied.

90.     Denied as stated.  By way of further answer, Safehouse's "overdose prevention services" include operating Consumption Rooms, which would violate the Controlled Substances Act.  In addition, the allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

91.     Admitted.

92.     Denied as stated.   By way of further response, Safehouse's operation of Consumption Rooms would violate the Controlled Substances Act.

93.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

94.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

95.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.  By way of further answer, the Community Groups state that § 856(a)(2) applies to Safehouse's proposed Consumption Rooms and the Groups deny that the phrase "unlawful . . . use" is unclear or ambiguous.

96.     Denied.  The Community Groups lack knowledge or information sufficient to form a response as to the allegation that Safehouse will not manufacture, store, or distribute any controlled substances, and this allegation is therefore denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.  By way of further answer, the Community Groups state that § 856(a)(2) applies to Safehouse's proposed Consumption Rooms and the Groups deny that the phrase "unlawful . . . use" is unclear or ambiguous.

97.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

98.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

99.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

100.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

101.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

102.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

103.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

104.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

105.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

106.    Denied.

107.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

108.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

109.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

110.    Denied.

111.    Denied.

112.    Denied.  The Community Groups are without knowledge to form a response as to the full totality of what Safehouse, its employees, or volunteers plan to do within its facility, and therefore those allegations are denied.  By way of further answer, the proposed actions of Safehouse fall within interstate commerce.  *See Gonzalez v. Raich*, 545 U.S. 1 (2005).

113.    Denied.

114.    Denied.  By way of further answer, the allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

115.    Denied.  By way of further answer, the allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

116.    Denied as stated.  While state and local government may be "laboratories of experimentation," there is no legislative action by either the Commonwealth of Pennsylvania or the City of Philadelphia authorizing supervised injection sites.  Furthermore, Safehouse is not allowed to violate the Controlled Substances Act.

117.    Denied as stated.  While some local officials support Safehouse's proposed Consumption Rooms, numerous other public officials do not.

118.    Denied.

119.    Denied.

120.    Denied.  By way of further answer, the allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

121.    Denied.  By way of further answer, the allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

122.    Denied.  By way of further answer, the allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

123.    Denied.  By way of further answer, the allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

124.    Denied.  The Community Groups are without knowledge sufficient to form a response as to whether the board members, founders, or employees of Safehouse are adherents of religions in the Judeo-Christian tradition.  The allegations contained in those sentences are therefore denied.

125.    Denied.  The Community Groups are without knowledge sufficient to form a response as to how the board members, founders, or employees of Safehouse became adherents of religions in the Judeo-Christian tradition.  The allegations contained in those sentences are therefore denied.

126.    Denied. The Community Groups are without knowledge to form a response as to the allegations in this paragraph, and therefore deny them.

127.    The allegations contained in this paragraph and sub-paragraphs are derived from the writings in the Old and New Testament and therefore speak for themselves.  No additional response is necessary.

128.    Denied.  The Community Groups are without knowledge sufficient to form a response as to whether or how the religious beliefs of Safehouse's board members, founders, or employees obligate them to take action, and therefore the Groups deny these allegations.

129.    Denied.

130.     Denied.  The Community Groups are without knowledge to form a response as to the allegations in this paragraph, and therefore deny them.

131.     Denied.  The Community Groups are without knowledge to form a response as to the allegations in this paragraph, and therefore deny them.

132.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. The Community Groups otherwise deny the allegations.

133.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

134.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

135.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. The Community Groups otherwise deny the allegations.

136.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

137.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. The Community Groups otherwise deny the allegations.

138.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. The Community Groups otherwise deny the allegations.

139.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. The Community Groups otherwise deny the allegations.

140.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. The Community Groups otherwise deny the allegations.

141.     Denied.  The Community Groups are without knowledge to form a response as to the allegations in this paragraph, and therefore deny them.

142.     Denied.  The Community Groups are without knowledge to form a response as to the allegations in this paragraph, and therefore deny them.  Furthermore, the allegations contained in this paragraph summarize the content of writings that speak for themselves.  Any attempt by Safehouse to characterize or interpret that content is denied.

143.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. The Community Groups otherwise deny the allegations.

144.     Denied.  The Community Groups are without knowledge to form a response as to the allegations in this paragraph, and therefore deny them.

145.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

146.     Denied.

147.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. The Community Groups otherwise deny the allegations.

148.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

149.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

150.    Denied.

## **COUNT I**

151.    This is an incorporation paragraph to which no response is required.  To the extent a response is required, the Community Groups incorporate their previous responses as though set forth here in full.

152.    Admitted.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

## **COUNT II**

158.    This is an incorporation paragraph to which no response is required.  To the extent a response is required, the Community Groups incorporate their previous responses as though set forth here in full.

159.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. The Community Groups otherwise deny the allegations.

160.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

161.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

162.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

163.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

164.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

165.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

166.    Denied.

## **COUNT III**

167.    This is an incorporation paragraph to which no response is required.  To the extent a response is required, the Community Groups incorporate their previous responses as though set forth here in full.

168.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. The Community Groups otherwise deny the allegations.

169.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. The Community Groups otherwise deny the allegations.

170.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. The Community Groups otherwise deny the allegations.

171.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. The Community Groups otherwise deny the allegations.

172.     Denied.  The Community Groups are without knowledge to form a response as to the allegations in this paragraph, and therefore deny them.

173.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

174.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. The Community Groups otherwise deny the allegations.

175.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. The Community Groups otherwise deny the allegations.

176.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

<u>**PRAYER FOR RELIEF**</u>

The Community Groups deny that Safehouse is entitled to any relief.

<u>**AFFIRMATIVE DEFENSES**</u>

1.     Safehouse's Counterclaims and third-party Complaint are without legal merit and should be dismissed.

2.     Not only is Safehouse's request for injunctive relief barring the United States from enforcing 21 U.S.C. § 856 invalid, but this request is further impermissible because it seeks to enjoin proper prosecution under federal criminal law.

3. The Community Groups presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses to the Safehouse's Counterclaims. The Community Groups reserve the right to assert additional affirmative defenses as they become aware that such defenses may be available.

Dated:   May 1, 2023                      By:  /s/ Michael H. McGinley

                                               Steven B. Feirson (PA # 21357)
                                               Michael H. McGinley (PA # 325545)
                                               DECHERT LLP
                                               Cira Centre
                                               2929 Arch Street
                                               Philadelphia, PA  19104
                                               Telephone: (215) 994-4000
                                               Facsimile: (215) 994-2222

                                               Eric D. Hageman*
                                               M. Scott Proctor*
                                               Justin Aimonetti*
                                               DECHERT LLP
                                               1900 K Street Northwest
                                               Washington, DC 20006
                                               *Appearing pro hac vice

                                               Attorneys for Proposed Intervenor-
                                               Plaintiffs