IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAFEHOUSE, a Pennsylvania nonprofit corporation,<br>    *Counterclaim Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    *Counterclaim Defendant,*<br><br>U.S. DEPARTMENT OF JUSTICE; MERRICK B. GARLAND, in his official capacity as Attorney General of the United States; JACQUELINE C. ROMERO, in her official capacity as U.S. Attorney for the Eastern District of Pennsylvania,<br>    *Third-Party Counterclaim Defendants*. | Civil Action No.: 2:19-cv-00519 |

**SAFEHOUSE'S UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED AMENDED COUNTERCLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF**

  Defendants/Counterclaim Plaintiffs Safehouse and José Benitez (collectively, Safehouse) respectfully submit this unopposed Motion for Leave to amend their operative counterclaims and file the proposed Second Amended Counterclaims, a redline of which is attached as **Exhibit A** to this Motion. In support of the Motion, Safehouse asserts the following:

  1. The government commenced this action in February 2019. (Dkt. No. 1.)

  2. Two months later, Safehouse filed an answer and counterclaims for declaratory and injunctive relief. (Dkt. No. 3.) Through the counterclaims, Safehouse asserted and sought a declaration that: (i) 18 U.S.C. § 856(a) did not prohibit Safehouse from operating an overdose-prevent site, (ii) Section 856(a) could not apply to Safehouse's proposed conduct under the Commerce Clause of the U.S. Constitution, and (iii) application of Section 856(a) to Safehouse's proposed operation of an overdose-prevention site would violate the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1.

3. In October 2019 and again in February 2020, this Court ruled against the government and in Safehouse's favor on the respective claims/counterclaims for a declaration regarding the applicability of Section 856(a) to Safehouse's proposed conduct. (Dkt. Nos. 133, 141.) In so ruling, the Court did not address the merits of Safehouse's counterclaims seeking alternative relief for violations of the Commerce Clause and RFRA. (Dkt. No. 141 ("Given that Safehouse has won the declaratory judgment it seeks, there is no need to reach its additional claims, and its request that this Court dismiss the RFRA and Commerce Clause claims without prejudice is sensible. The claims are therefore deemed to be preserved.").)

4. In January 2021, the Third Circuit ruled in favor of the government with respect to Safehouse's contentions that Section 856(a) did not apply to Safehouse and that Section 856(a) could not apply to Safehouse under the Commerce Clause. *See United States v. Safehouse*, 985 F.3d 225 (3d Cir. 2021). The Court did not address the merits of Safehouse's RFRA counterclaim, however, and "remanded for the District Court to consider" it on the merits. *Id.* at 243.

5. In September 2021, Safehouse filed Amended Counterclaims, which reasserted the counterclaim for violations of RFRA and added a new counterclaim that application of Section 856(a) to Safehouse would violate the First Amendment to the U.S. Constitution. (Dkt. No. 160.)

6. Since that time, the composition of Safehouse's board of directors has changed. Because the religious beliefs of certain Safehouse's board members are material to Safehouse's counterclaims, Safehouse seeks to amend its counterclaims to include facts reflecting the current composition of the board and their religious beliefs. A redline of the proposed substantive changes to the counterclaims is attached as **Exhibit A.**

7. Safehouse sent the government a copy of the proposed amendment to the counterclaims and advised the government that it intended to move for leave to amend.

8. In response, the government confirmed that it did not oppose the motion for leave or the proposed amendment. But the government is seeking a revision to its deadline to file a responsive pleading and the corresponding schedule for briefing its anticipated Rule 12 motion regarding the counterclaims. Safehouse does not oppose revising those deadlines, and anticipates the government will file a joint stipulation regarding the operative deadlines after this Motion is filed.

9. For these reasons, Safehouse respectfully requests that this Court grant this motion and afford Safehouse with leave to file its Second Amended Counterclaims. A proposed order granting the motion is attached.

Dated: June 26, 2023

Respectfully submitted,

**DLA PIPER LLP (US)**

By: */s/ Ilana H. Eisenstein*
Ilana H. Eisenstein
*ilana.eisenstein@dlapiper.com*
Ben C. Fabens-Lassen
*ben.fabens-lassen@dlapiper.com*
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103-7300
Tel:    215.656.3300

**AIDS LAW PROJECT OF PENNSYLVANIA**

Ronda B. Goldfein
*goldfein@aidslawpa.org*
Yolanda French Lollis
*lollis@aidslawpa.org*
Adrian M. Lowe
*alowe@aidslawpa.org*
Jacob M. Eden
*eden@aidslawpa.org*
1211 Chestnut Street, Suite 600
Philadelphia, Pennsylvania 19107
Tel:    215.587.9377
Fax:    215.587.9902

**LAW OFFICE OF PETER GOLDBERGER**

Peter Goldberger
50 Rittenhouse Place
Ardmore, Pennsylvania 19003
Tel:     610.649.8200
*peter.goldberger@verizon.net*

**SETH F. KREIMER, ESQUIRE**

Seth F. Kreimer
PA Bar No. 26102
3501 Sansom Street
Philadelphia, Pennsylvania 19104
Tel:     215.898.7447
*skreimer@law.upenn.edu*

*Attorneys for Defendant and Counterclaim Plaintiff Safehouse*