**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SAFEHOUSE, a Pennsylvania nonprofit** | : | |
| **corporation; JOSE BENITEZ, as President** | : | |
| **and Treasurer of Safehouse,** | : | **CIVIL ACTION** |
| **Defendants,** | : | **No. 19-519** |
| | : | |
| **SAFEHOUSE, a Pennsylvania nonprofit** | : | |
| **corporation,** | : | |
| **Counterclaim Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Counterclaim Defendant.** | : | |

## ORDER

This 24th day of July, 2023, for the reasons below, it is hereby **ORDERED** that the Motion

to Intervene, ECF 192, is **DENIED**.

The group of twenty organizations seeking to intervene (the "Community Groups")

primarily seek to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a).

Intervention of right is only proper, however, when an existing party cannot "adequately represent"

the proposed intervenor's interests. *See* Fed. R. Civ. P. 24(a)(2).  Here, the Community Groups

assert the Government has "signaled an abrupt reversal of its position" and no longer appears

interested in enforcing 21 U.S.C. § 856(a) nor defending against Safehouse's counterclaims, which

impairs their interests in upholding federal law and protecting community health and safety.  But

this misunderstands the Government's current position, and the Government's recent Motion to Dismiss seeks to enforce Section 856 by vigorously defending against Safehouse's counterclaims. *See* ECF 211.  The Community Groups are therefore not entitled to intervention as of right.

Alternatively, the Community Groups seek permissive intervention under Rule 24(b)(1)(B).  Whether to grant permissive intervention is a "highly discretionary decision," *United States v. Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014), and before allowing permissive intervention "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  In support of permissive intervention, the Community Groups again argue that the Government appears unwilling to enforce Section 856 and defend against Safehouse's counterclaims.  As noted, however, the Government remains willing and able to do both.  And the present issue before the Court is one of freedom of religion, and it is unclear what special expertise or standing the proposed intervenors would bring to bear on those issues. The Court will therefore not permit intervention pursuant to Rule 24(b)(1)(B).

  /s/ Gerald Austin McHugh
United States District Judge