

DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103

Ilana H. Eisenstein
Ilana.Eisenstein@dlapiper.com
T   215.656.3351

November 30, 2023
*Via ECF*

Honorable Gerald A. McHugh
United States District Court
Eastern District of Pennsylvania
9613 United States Courthouse
601 Market Street
Philadelphia, PA 19106

Re:   United States of America v. Safehouse, et al., 19-cv-519

Dear Judge McHugh:

In advance of next week's oral argument on the DOJ's motion to dismiss, Safehouse respectfully writes to notify the Court of the DOJ's "Statement of Interest" filed on November 21, 2023 in *St. Timothy's Episcopal Church, et al. v. City of Brookings*, No. 1:22-cv-00156-CL (D. Or.), ECF No. 73 (attached as **Exhibit A**). As explained below, the DOJ's positions in that case are irreconcilable with its arguments here and confirm that this Court should deny the DOJ's pending motion to dismiss.

As background, the plaintiffs in *St. Timothy's* alleged that the City of Brookings, Oregon ("the City") violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc–2000cc-5,[1] by enacting a zoning ordinance that "significantly restricted" the plaintiffs' "long-established, faith-based practice of providing free meals to persons in need at St. Timothy's Church in Brookings, Oregon." Ex. A at 1. In support of their claims, the plaintiffs presented uncontested declarations that "providing free meals to persons in need is 'fundamental' to their Episcopalian faith" and that "feeding the hungry, respecting the dignity of every human being, and building community are necessary acts during our time on Earth" and are critical "acts of worship." *Id.* at 3.

The City moved for summary judgment and argued that the ordinance did not constitute a substantial burden on religious exercise. Although the DOJ is not a party to the suit, it submitted the attached Statement of Interest urging the district court to deny the

---

[1] Although the case arose under the RLUIPA, not RFRA, the Third Circuit has held that "the two statutes are analogous for purposes of the substantial burden test." *Mack v. Warden Loretto FCI*, 839 F.3d 286, 304 n.103 (3d Cir. 2016).



Honorable Gerald A. McHugh
November 30, 2023
Page Two

motion. Two of the DOJ's arguments in *St. Timothy's* stand in stark contrast to the DOJ's arguments here.

*First*, the DOJ argued that summary judgment should be denied because the plaintiffs' "distribution of free meals to persons in need is 'religious exercise'" under federal law. Ex. A at 13. As DOJ rightly explained, "Courts have held that protected 'religious exercise' includes not only services, prayers, or worship, but also the provision of housing, shelter, and other social services when motivated by an entity's sincerely held religious beliefs or mission." Ex. A. at 13-14 (citing cases). The same reasoning applies to the religiously motivated social and public-health services Safehouse seeks to provide in Philadelphia. And that reasoning forecloses the DOJ's counterfactual attempt to recasts Safehouse's religious beliefs about saving human lives as "secular.'" Safehouse Op. at 20; DOJ Mot. at 21-23. The DOJ's arguments in *St. Timothy's* demonstrate that Safehouse has adequately pled that its conduct is religious exercise protected by RFRA.

*Second*, the DOJ in *St. Timothy's* argued that summary judgment should be denied because the City had failed to demonstrate, as a matter of law, that the burden on plaintiffs' religious exercise was not "substantial." Ex. A at 19-20. As the DOJ rightly explained in response:

> to comply with the ordinance, St. Timothy's would likely have to turn away persons who are hungry, thus forcing them to violate their religious beliefs. This is axiomatic of the "substantial pressure" by governments "on an adherent to modify his behavior and to violate his beliefs" that RLUIPA guards against.

Ex. A at (citing case); *see also id.* at 26 ("The City's ordinance in this case does not further the City's asserted interests in promoting public welfare and safety because forcing St. Timothy's to turn away people who are hungry does not address the underlying incidences of petty offenses in Brookings."). Soo too here. As Safehouse pled and explained in its opposition (at 30-31), "It is hard to conceive of a greater burden on Safehouse's deeply held religious beliefs than for Safehouse, and its board members, to be forced to cast vulnerable individuals outside—knowing there is a considerable risk of overdose shortly after their departure—or risk criminal prosecution for allowing them to remain sheltered and within their care." The DOJ's arguments in *St. Timothy's* demonstrate that Safehouse has adequately pled a substantial burden on its religious exercise.

For these reasons, Safehouse respectfully submits that the DOJ's Statement of Interest in the *St. Timothy's* case supports Safehouse's arguments and weighs in favor of



Honorable Gerald A. McHugh
November 30, 2023
Page Three

denying the motion to dismiss. We appreciate your consideration of this supplemental submission and the attached "Statement of Interest" in advance of argument.

                                  Respectfully submitted,

                                  **DLA Piper LLP (US)**

                                  Ilana H. Eisenstein

cc:      Counsel of record (via ECF)