IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SAFEHOUSE, a Pennsylvania nonprofit<br>corporation; JOSÉ BENITEZ, as President<br>and Treasurer of Safehouse,<br>　　　　　　　　Defendants, | : | CIVIL ACTION<br>No. 19-519 |
| | : | |
| SAFEHOUSE, a Pennsylvania nonprofit<br>corporation, | : | |
| 　　　　　　　　Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA,<br>　　　　　　　　Counterclaim Defendant. | : | |

**McHUGH, J.**                                                                 **April 9, 2026**

**<u>MEMORANDUM</u>**

This is long-running litigation in which Plaintiffs seek to amend counterclaims raised at the inception of the case, to add a claim on behalf of President and Treasurer José Benitez. Although it is well settled that leave to amend should be freely given, "[d]enial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017). The Government has persuaded

me that given the record in this case, leave should be denied, at least with respect to the addition of Mr. Benitez as a party.[1]

At the inception of the case, Safehouse asserted a counterclaim for a violation of its right to free exercise of religion. ECF 3 ¶ 148. Its president at the time, Jeannette Bowles, did not assert such a claim, and neither did Mr. Benitez when he was later substituted as a party in June of 2019. *See* ECF 45. When the case was first remanded by the Circuit, Safehouse amended its free exercise counterclaim in September 2021 to assert rights under *Fulton v. City of Philadelphia*, 593 U.S. 522 (2021). Mr. Benitez did not seek leave to assert his own claim at the time. *See* ECF 160. Thereafter, in June 2023, Safehouse again sought leave to amend, because "Safehouse's board of directors ha[d] changed" and "the religious beliefs of certain Safehouse[] board members [we]re material to [its] counterclaims." ECF 207 ¶ 6. Mr. Benitez did not assert a claim then either. *See* ECF 209.

After the counterclaims were dismissed, Safehouse attempted to add Mr. Benitez as a party to the appeal, but the Third Circuit rebuffed this tactic, holding that because he "asserted RFRA as an affirmative defense, but not as a counterclaim, [he] was not aggrieved by the District Court's order and lacked standing to appeal the District Court's dismissal." *United States v. Safehouse*, 146 F.4th 315, 321 (3d Cir. 2025). Safehouse seeks to characterize the Circuit's decision as "illuminating a pleading defect." ECF 242 at 4. I disagree—it simply described the posture of the case based upon how Safehouse and its officers had chosen to proceed to that point. In practical terms, Safehouse saw a tactical advantage to including Mr. Benitez in the appeal, the Government identified the ploy, and the Court of Appeals held Safehouse and Mr. Benitez to the choices they had made. A

---

[1] The Government does not oppose Safehouse's request to amend various factual averments, reserving its right to dispute newly alleged facts. ECF 243 at 3.

"defect" in a pleading presupposes that a pleading exists, and here there was none, and there was nothing preventing the assertion of a claim. The notion that Mr. Benitez is "uniquely" prejudiced because he is now "bound" by the Circuit's decision is illusory, because Safehouse prevailed. It is certainly true that Mr. Benitez cannot individually benefit from that favorable ruling, but the same is true with any potential litigant who has chosen not to join in litigation and in hindsight regrets that choice.

More than six years have elapsed since Mr. Benitez entered this case as a party. Despite various amendments by Safehouse in the interim, Mr. Benitez never asserted a claim himself, even when the complaint was amended in 2023 to include specific references to the religious beliefs of board members. Mr. Benitez points to nothing in the Circuit's decision that he would not have known before it was issued, rendering this a case of prolonged, unexplained delay. As the Court of Appeals has previously held, "a significant, unjustified, or undue delay in seeking the amendment may itself constitute prejudice sufficient to justify denial of a motion for leave to amend." *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013) (internal quotation omitted).

An important focus is "the movant's reasons for not amending sooner," *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001), and when it was that amendment became possible, *Mullin*, 875 F.3d at 151. As noted above, no cogent reason has been advanced for the delay here, and amendment was available throughout. In *Cureton,* an unexplained delay of two-and-a-half years warranted denial of leave to amend. 252 F.3d at 273–74; *see also Estate of Olivia v. New Jersey*, 604 F.3d 788, 803 (3d Cir. 2010*)* (finding no justification for a five-year delay); *Bjorgung v. Whitetail Resort*, 550 F.3d 263, 266 (3d Cir.2008) (finding no explanation for three-year delay).

Another relevant consideration is that Safehouse has been provided with multiple opportunities to amend. *See Cureton*, 252 F.3d at 273; *see also Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir. 1993) (noting that plaintiff had "numerous opportunities" to amend); *Rolo v. City Investing Co.*

3

*Liquidating Trust,* 155 F.3d 644, 654 (3d Cir. 1998) (rejecting amendment seeking to "replead facts and arguments that could have been pled much earlier in the proceedings").

Federal Rule of Civil Procedure 15 is broad but not unlimited in scope.  Whether the proposed amendment represents a change of heart or a change in litigation strategy, the Government is correct that the combination of unexplained delay, coupled with ample opportunity to assert this claim earlier, warrants denial of the motion to the extent that it seeks to include an individual counterclaim.

/s/ Gerald Austin McHugh
United States District Judge

4